IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD LEE HUMES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-640-X-BN |
| | § | |
| WILLIAMS CHICKEN, WESTEND STATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Edward Lee Humes filed a *pro se* complaint alleging that a Williams Chicken location violated the Americans with Disabilities Act ("ADA") when an employee "told [him] to get outta here with [his service] dog." Dkt. No. 3. Humes also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. So United States District Judge Brantley Starr referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Humes's IFP motion through a separate order, subjecting the complaint to screening under 28 U.S.C. § 1915(e). And the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss the complaint.

**Legal Standards**

Section 1915(e) requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The

Court is therefore "statutor[ily] mandate[d] to dismiss a complaint whenever it becomes apparent to the court that no claim for relief is stated." *Harmon v. Nguyen*, No. 3:14-cv-2038-D-BN, 2016 WL 750923, at *5 (N.D. Tex. Feb. 4, 2016) (quoting *Moore-Bey v. Cohn*, 69 F. App'x 784, 787-88 (7th Cir. 2003) (per curiam)), *rec. adopted*, 2016 WL 740381 (N.D. Tex. Feb. 25, 2016).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). Accordingly, the pleading requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual

matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

In sum, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

**Analysis**

The ADA "prohibits discrimination based on disability in 'major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III).'" *Access Living of Metro. Chi. v. Uber Techs., Inc.*, 958

F.3d 604, 607 (7th Cir. 2020) (quoting *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001)).

And, under the regulations issued to carry out the provisions of Title III, "a public accommodation" must generally "modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." *Pena v. Bexar Cnty., Tex.*, 726 F. Supp. 2d 675, 684 (W.D. Tex. 2010) (quoting 28 C.F.R. § 36.302(c)(1)).

But, to state a claim under Title III of the ADA, Humes "must allege (1) that [he] is disabled within the meaning of the ADA; (2) that [the] defendants own, lease, or operate a place of public accommodation; and (3) that [the] defendants discriminated against [him] by denying [him] a full and equal opportunity to enjoy the services [that the] defendants provide." *Bebry v. ALJAC LLC*, 954 F. Supp. 2d 173, 177 (S.D.N.Y. 2013) (quoting *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008)); *accord Ajuluchuku v. FedEx Kinko's Office & Print Servs., Inc.*, No. 3:05-cv-2417-G, 2006 WL 6912919, at *3 (N.D. Tex. June 30, 2006); *Bracken v. G6 Hospitality*, No. 4:14-CV-644-ALM-CAN, 2016 WL 3946791, at *5 (E.D. Tex. June 3, 2016), *rec. adopted*, 2016 WL 3917701 (E.D. Tex. July 20, 2016).

Focusing on the first prima facie element, the ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing,

eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

And "[t]he ADA Amendments Act of 2008 … provides, among other things, that the term 'substantially limits' is to be interpreted as broadly as possible.'" *Milteer v. Navarro Cnty., Tex.*, 652 F. Supp. 3d 754, 763 (N.D. Tex. 2023) (quoting 42 U.S.C. § 12102(4)(A)-(B)); *see also Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 478-81 (5th Cir. 2023).

But, as to a disability under the Act, Humes only has alleged that he uses a service animal, and that alone does not raise a reasonable inference that a plaintiff is disabled as defined by the ADA. *See, e.g., Shelton v. SWAIA*, No. 1:19-cv-00742-KG-JHR, 2019 WL 4193426, at *2 (D.N.M. Sept. 4, 2019) (finding that plaintiff failed to state a claim under Title III of the ADA where he pled that "Defendants allegedly refused to let Plaintiff's service dog accompany Plaintiff" and sought "only monetary damages, not injunctive relief"); *Brown v. Fed Ex Office*, No. 10cv780-MMA(WVG), 2010 WL 1730046, at *1 (S.D. Cal. Apr. 26, 2010) ("Plaintiff here fails to allege exactly what disability she suffers from and states only in a conclusory manner her allegation of discrimination regarding her service dog. Plaintiff must state more than just a conclusory allegation in order to support her claim. In addition to not describing her disability, Plaintiff fails to show how her disability impairs one of her major life activities. Therefore, Plaintiff's claim under the ADA is dismissed.").

And, as the court in *Shelton* alluded, Title III does not allow for the sole relief

that Humes seeks in this suit – money damages. *See* 42 U.S.C. § 12188(a)(1).

"By the plain terms of that provision, a private party may obtain only forward-looking relief; damages for past harms are not available." *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir. 2006) (citing *Newman v. Piggie Park Enters.*, 390 U.S. 400, 402 (1968) (per curiam); 42 U.S.C. § 12188(b)(2)(B) (authorizing money damages to persons aggrieved in parens patriae suits brought by the Attorney General under Title III); and an "unbroken skein of cases [that] makes manifest that money damages are not an option for private parties suing under Title III of the ADA"); *see also Ajuluchuku*, 2006 WL 6912919, at *3; *Bracken*, 2016 WL 3946791, at *3.

In sum, the Court should dismiss Humes's complaint.

But the ability to file objections to this recommendation (as further explained below) allows Humes an opportunity to cure the deficiencies identified above and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

### Recommendation

Unless Plaintiff Edward Lee Humes satisfactorily shows through timely

objections a basis to amend the complaint to allege a plausible claim, the Court should dismiss this lawsuit with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 2, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE